UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BURGUNDY DEVELOPMENT, L.L.C.                CIVIL ACTION

VERSUS                                       NO: 12-1387

THE LATHAN COMPANY, INC.                     SECTION: "S" (1)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that The Lathan Company, Inc.'s Motion In Limine to Exclude the Testimony of Ashley Morton (Doc. #13) is **DENIED**.

**IT IS FURTHER ORDERED** that The Lathan Company, Inc.'s Motion In Limine to Exclude the Expert Opinion Testimony of David Mark Wyant, Elvis Belcher, Roman Laredo, Otis Elevator Employees, Richard Dorris and Jose Montez (Doc. # 17) is **DENIED**.

**IT IS FURTHER ORDERED** that The Lathan Company, Inc.'s Motion for Partial Summary Judgment (Doc. #18) seeking dismissal of Burgundy Development, L.L.C.'s claims for inadequate documentation is **DENIED**.

**IT IS FURTHER ORDERED** that Burgundy Development, L.L.C.'s Motion for Partial Summary Judgment regarding the reasonableness of The Lathan Company, Inc.'s attorneys' fees claim (Doc. #19) is **DENIED** as premature.

**IT IS FURTHER ORDERED** that The Lathan Company, Inc.'s Motion to Strike Burgundy Development, L.L.C.'s Supplemental Witness and Exhibit List (Doc. #24) is **DENIED.**

**IT IS FURTHER ORDERED** that Burgundy Development, L.L.C.'s Motion for Good Cause to Use Exhibit and Testimony at Trial (Doc. #37) is **GRANTED.**

## BACKGROUND

This matter is before the court on motions in limine filed by defendant, The Lathan Company, Inc., in which Lathan seeks to exclude the testimony of witnesses that plaintiff, Burgundy Development, L.L.C., designated as fact and expert witnesses in its November 13, 2012, witness and exhibit list. The matter is also before the court on Lathan's motion for partial summary judgment seeking dismissal of Burgundy's claims that Lathan contends are not adequately documented, and Burgundy's motion for summary judgment regarding the reasonableness of Lathan's potential award of attorneys' fees in this matter. Further, the matter is before the court on Lathan's motion to strike Burgundy's supplemental witness and exhibit list that was filed on November 30, 2012.

Burgundy owns The Saint Hotel on Canal Street in New Orleans, Louisiana. On June 14, 2010, Burgundy contracted with Lathan, a general contractor, to perform specific work on the property to renovate the historic building pursuant to the standards and requirements of the Louisiana State Historic Preservation Office.

On April 27, 2012, Burgundy filed this suit in the Civil District Court, Parish of Orleans, State of Louisiana alleging that Lathan breached the contract by failing to properly perform the work. Lathan removed the matter to the United States District Court for the Eastern District of Louisiana, alleging diversity subject matter jurisdicion. Thereafter, Lathan filed a counterclaim seeking payment under the contract and attorneys' fees.

## ANALYSIS

A. **Lathan's Motions In Limine Regarding Ashley Morton, David Mark Wyant, Elvis Belcher, Roman Laredo, Otis Elevator Employees, Richard Dorris and Jose Montez (Docs. # 13, 17)**

In its November 13, 2012, witness and exhibit list, Burgundy noted the following regarding the testimony of Ashley Morton, David Mark Wyant, Elvis Belcher, Roman Laredo, Otis Elevator Employees, Richard Dorris and Jose Montez:

> Fact and expert opinion witness as to facts observed and opinions given during the restoration of the building. Such witness is not "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" under FRCP 26(a)(2)(B).

Lathan argues that the testimony of these witnesses should be excluded because they will offer expert testimony and they have not produced expert reports in accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires a party to "disclose to the other parties the identity of any witness it may use at trial to present" expert opinion evidence under Rule 702 of the Federal Rules of Evidence. FED. R. CIV. P. 26(a)(2)(A). Rule 26(a)(2)(B) requires designated testifying expert witnesses to produce detailed reports, but only "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Id. at 26(a)(2)(B). "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Id. at Advisory Committee's note to the 1993 Amendment.

3

In Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 n. 4 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit recognized the distinction between the expert designation requirement of Rule 26(a)(2)(A) and the expert reporting requirement in Rule 26(a)(2)(B). The court noted that the designation requirement of Rule 26(a)(2)(A) applies to all expert witnesses, including those who may testify at trial, those who will not testify at trial, and those who were not specifically retained to give expert testimony at trial, but the reporting requirement applies only to those experts "retained or specifically employed" to give expert testimony at trial or whose duties as a party's employee normally include such testimony. Id.

The Advisory Committee Notes to the 1970 Amendment to Rule 26 further explains the distinction between experts engaged specifically for litigation and those whose knowledge is acquired because of involvement in the facts of the case. The 1970 Advisory Committee Note addressing Rule 26(b)(4), which governs the scope of discovery as to testifying and non-testifying experts who are specifically retained for the litigation states:

> the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness.

See Rule 26(b)(4), at Advisory Committee's Note to the 1970 Amendment.

In this case, all of the witnesses that Lathan challenges were involved in the construction project at The Saint Hotel. Burgundy did not specifically retain them as experts for the litigation. Their work on the project involved analysis of the facts and rendering of opinions during the project. Burgundy properly designated these witnesses under Rule 26(a)(2)(A) as giving opinion testimony.

4

Thus, these witnesses' testimony as to their opinions and observations during the project are admissible. However, they may not offer opinions that were formed specifically in preparation for trial of this matter because they did not produce expert reports under Rule 26(a)(2)(B). Thus, to extent that the witnesses' trail testimony strays from factual observations and professional analysis rendered during the project to the area of opinions that they may have developed in preparation for the litigation of this matter, Lathan may object based on the lack of expert reports.

## B.    Motions for Summary Judgment

### 1. Summary Judgment Standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

### 2. Lathan's Motion for Partial Summary Judgment Regarding Burgundy's "Undocumented" Claims (Doc. #18)

Lathan seeks to exclude many of Burgundy's claims, arguing that Burgundy will not be able to prove those claims at trial because the claims are not sufficiently supported by documentation. Burgundy has explained that it will support some of its claims with witness testimony. Burgundy may proceed to trial on all of its claims, and the court will evaluate all the admissible evidence, both documents and testimony, when it is presented at the bench trial of this matter on January 31, 2013. Thus, Lathan's motion for partial summary judgment is DENIED.

### 3. Burgundy's Motion for Partial Summary Judgment Regarding the Reasonableness of Lathan's Potential Claim for Attorneys' Fees (Doc. #19)

Burgundy filed a motion for partial summary judgment seeking a ruling regarding the reasonableness of Lathan's potential claim for attorneys' fees. The motion is premature because the court has not yet determined that Lathan is entitled to recover attorneys' fees from Burgundy. The court will address the issues raised in Burgundy's motion regarding the reasonableness of Lathan's attorneys' fees if and when it is determined that Lathan is entitled to attorneys' fees from Burgundy. Thus, Burgundy's motion for partial summary judgment is DENIED as premature.

### C. Lathan's Motion to Strike Burgundy's Supplemental Witness and Exhibit List and Burgundy's Motion to Use Exhibit and Testimony at Trial (Docs. #24, 37)

On November 30, 2012, Burgundy filed a supplemental witness and exhibit list that added Victor Marik as a witness and the estimate for roof repairs prepared by Hudson Bay Construction, Inc., dated November 27, 2012, as an exhibit (Doc. #23). Thereafter, Burgundy filed a motion for good cause to use that exhibit and testimony at trial (Doc. #37). The Scheduling Order's deadline

for filing witness and exhibit lists was November 13, 2012. Lathan was not prejudiced by Burgundy's untimely supplementation of its witness and exhibit list. Burgundy's supplemental witness and exhibit list adds only one witness and one exhibit. Lathan will be permitted to depose Marik and conduct any discovery necessary regarding the document outside of the discover deadline if it chooses. Because the trial in this matter is scheduled for January 31, 2013, there is plenty of time to conduct the limited amount of discovery that Burgundy's limited additions to its witness and exhibit list may necessitate.

## CONCLUSION

**IT IS HEREBY ORDERED** that The Lathan Company, Inc.'s Motion In Limine to Exclude the Testimony of Ashley Morton (Doc. #13) is **DENIED**.

**IT IS FURTHER ORDERED** that The Lathan Company, Inc.'s Motion In Limine to Exclude the Expert Opinion Testimony of David Mark Wyant, Elvis Belcher, Roman Laredo, Otis Elevator Employees, Richard Dorris and Jose Montez (Doc. # 17) is **DENIED**.

**IT IS FURTHER ORDERED** that The Lathan Company, Inc.'s Motion for Partial Summary Judgment (Doc. #18) seeking dismissal of Burgundy Development, L.L.C.'s claims for inadequate documentation is **DENIED**.

**IT IS FURTHER ORDERED** that Burgundy Development, L.L.C.'s Motion for Partial Summary Judgment regarding the reasonableness of The Lathan Company, Inc.'s attorneys' fees claim (Doc. #19) is **DENIED** as premature.

**IT IS FURTHER ORDERED** that The Lathan Company, Inc.'s Motion to Strike Burgundy Development, L.L.C.'s Supplemental Witness and Exhibit List (Doc. #24) is **DENIED.**

**IT IS FURTHER ORDERED** that Burgundy Development, L.L.C.'s Motion for Good Cause to Use Exhibit and Testimony at Trial (Doc. #37) is **GRANTED**.

New Orleans, Louisiana, this 19 day of December, 2012.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE